IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

STEPHEN L. HEALD and
SOMJAI RUNG HEALD

     Debtors                             Case No. 04-08251-8-JRL

_____

STRUCTURED INVESTMENTS CO., LLC,

     Plaintiff,                         Adversary Proceeding
                                                 No: L-05-00014-8-AP

vs.

STEPHEN L. HEALD,

     Defendant.

_____

## ORDER

This case is before the court on the motion for summary judgment filed by the plaintiff, Structured Investments, Co., LLC ("SICO"). On September 20, 2005, the court conducted a hearing on this matter in Wilmington, North Carolina.

### UNDISPUTED FACTS

1.     The defendant, Stephen L. Heald ("Heald"), is a citizen and resident of Newport, Pender County, North Carolina.

2.     SICO is a California limited liability company with its principal place of business in Huntington Beach, California.

3.     Heald is the recipient of monthly disability payments in the amount of $2,606.00 from the

Department of Veterans Affairs that are automatically deposited into an account designated by Heald.

4. In April 2001, Heald entered into an Annuity Utilization Agreement with SICO, whereby SICO paid $22,225.00 to Heald in exchange for Heald's agreement to forward $600.00 per month from his designated account to SICO's account for a period of 96 months.

5. In July 2002, Heald and SICO entered into an addendum to the Agreement, whereby SICO paid $16,600.69 to Heald in exchange for Heald's agreement to forward $1,100.00 per month from his designated account to SICO's account to begin August 1, 2002 for a period of 105 months.

6. Heald stopped forwarding monthly payments to SICO under the terms of the Agreement.

7. On April 7, 2003, Heald and his wife filed for protection under Chapter 13 (Case No. 03-03127-8-JRL), and intended to use the monthly payments from the Department of Veterans Affairs to fund their proposed Chapter 13 plan.

8. SICO objected to confirmation of the plan and moved for dismissal of the Chapter 13 case, asserting that Heald had converted SICO's property by disregarding the terms of the Agreement.

9. On August 8, 2003, this court sustained SICO's objection to confirmation and dismissed the Chapter 13 case. The court held that the transaction between SICO and Heald was a valid assignment of Heald's interest in the monthly payments, and the debtors could not include $1,100.00 of the monthly benefits in the calculation of their income. In re Heald, Case No. 03-03127-8-JRL (Aug. 8, 2003).

10. Heald did not appeal the court's order.

11. On October 25, 2004, Heald and his wife, Somjai Rung Heald, filed for relief under Chapter 7 of the Bankruptcy Code.

12. Through January 24, 2005, the date SICO filed its complaint in this adversary proceeding,

Heald used at least $10,561.61 of the monthly disability payments from the designated account for his own personal use.

## PROCEDURAL HISTORY

On January 24, 2005, SICO filed this adversary proceeding against Heald. In Count 1, SICO alleges that the debt in excess of $10,561.16 is nondischargeable, pursuant to 11 U.S.C. § 523(a)(4). In Count 2, SICO alleges that the debt in excess of $10,561.16 is nondischargeable, pursuant to § 523(a)(6). In Count 3, SICO alleges that Heald's discharge should be denied, pursuant to 11 U.S.C. § 727(a)(2). In Count Four, SICO requests a declaratory judgment, pursuant to 28 U.S.C. § 2201, as to the nature of the Agreement and the nature of the monthly payments to be transferred to SICO pursuant to the Agreement.

On February 21, 2005, Heald filed a motion to dismiss, affirmative defenses, answer and counterclaim. In his motion to dismiss, Heald asserts that the Agreement is void because 38 U.S.C. § 5301 prohibits this type of assignment of a serviceman's benefits. In addition, in his affirmative defenses, Heald assert that the contract is illegal and is unconscionable for violating public policy that prohibits the assignment of a serviceman's pay. Specifically, in his counterclaim, Heald alleges that SICO has violated the Truth in Lending Act, pursuant to 15 U.S.C. § 1601, et .seq, by: (a) failing to provide accurate material disclosures; (b) failing to properly disclose the "annual percentage rate" or any brief description such as "the cost of your credit as a yearly rate;" (c) failing to properly disclose the "amount financed" and a brief description such as "the amount of credit provided to you or on your behalf;" (d) failing to make the required disclosures clearly and conspicuously and group the disclosures together segregated from everything else; (e) failing to provide an itemization of the "amount financed" and separate the itemization

3

from other material disclosures; (f) failing to disclose the "finance charge" and "annual percentage rate" more conspicuously than the other disclosures; (g) failing to properly disclose the "total of payments" using that term and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments;" (h) failing to accurately disclose the finance charge and failing to include the mandatory insurance premium in the finance charge; (i) charging usurious interest rates in loans disguised as assignments or sales of Heald's rights to his future disability benefits; (j) misleading Heald as to the true costs and terms of the loans prior to execution of the loan documents; (k) attempting to deny and deprive Heald of his disability benefits and illegally charging criminally usurious interest rates for loans allegedly secured by his disability benefits for which Heald did not receive the required cost of credit information prior to signing the loan documents; and (l) fraudulently concealing the nature of the transaction as an attempt to circumvent the applicable federal laws governing the transaction.

On February 22, 2005, SICO filed a reply and asserted that Heald was precluded by the doctrines of res judicata, collateral estoppel, and claim preclusion from relitigating the issues that were already determined in In re Heald, Case No. 03-3127-8-JRL (Aug. 8, 2003). On August 11, 2005, with permission from the court, SICO filed an amended reply asserting that Heald's counterclaim under the Truth in Lending Act was barred by the applicable statute of limitations.

On August 11, 2005, SICO also filed a motion and memorandum of law seeking summary judgment that its claim in excess of $10,561.16 is nondischargeable under 11 U.S.C. 523(a)(4) and (a)(6), that the Agreement and Addendum constituted a valid assignment, and that payments due under such assignment are not property of the bankruptcy estate. While not clearly delineated, the motion for summary judgment applies to Counts 1, 2 and 4 of the complaint. SICO also seeks summary judgment on Heald's

4

counterclaim. Heald filed no response to the motion for summary judgment.

## STANDARD OF REVIEW

Bankruptcy Rule 7056 makes Rule 56 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Under Rule 56, "[summary] judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making the determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962). Nevertheless, an issue of fact cannot be created through "mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Once a motion for summary judgment is made and supported under Rule 56, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id..

## DISCUSSION

### Count 4: Declaratory Judgment

The court first addresses the motion for summary judgment as to Count 4 of SICO's complaint. SICO asserts that the Agreement constitutes an assignment, and that the remainder of the money assigned to SICO under the Agreement is not property of the bankruptcy estate. In the case of In re Heald, Case

No. 03-03127-8-JRL (Bankr. E.D.N.C. Aug. 8, 2003), the court concluded that the Agreement constituted a valid assignment and that Heald was precluded from including $1,100.00 of his monthly benefits in the calculation of his monthly income.

In the case at bar, Heald filed no response to SICO's motion for summary judgment; however, at the hearing, Heald attacked the validity and effect of the Agreement. Heald is collaterally estopped from relitigating whether the Agreement constitutes a valid assignment. Collateral estoppel, also known as issue preclusion, "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998). In analyzing whether collateral estoppel applies to the counterclaim, the record of the previous case must show "that the issue was actually litigated and determined by a final valid judgment in an earlier proceeding and that it was necessary to the decision." M & M Transmissions, Inc. v. Raynor (In re Raynor), 922 F.2d 1146, 1149 (4th Cir. 1991). In addition, the court must also determine "whether the issue was actually litigated 'with particular care'" Raynor, 922 F.2d at 1149 (citing Combs v. Richardson, 838 F.2d 112, 113 (4th Cir. 1988)).

As noted above, the court addressed the issue of whether the Agreement was an assignment in the previous Chapter 13 case. It entered a valid final judgment holding that the Agreement constituted an assignment, sustaining SICO's objection to the proposed Chapter 13 plan, and dismissing the case. The court's determination regarding the validity and effect of the Agreement was necessary for the court's decision. The validity and effect of the Agreement was the crux of SICO's objection to the Chapter 13 plan, motion to dismiss, and accompanying memorandum of law. The debtors were attempting to use monthly benefits from the Department of Veterans Affairs to fund their Chapter 13 plan without honoring

6

the terms of the Agreement. The court had to rule on the validity and effect of the Agreement in order to determine the debtors' available monthly income for funding the Chapter 13 plan and the feasibility of the plan as a whole. The court analyzed the validity and effect of the Agreement with particular care. The court reviewed the documents filed by both Heald and SICO. It addressed the language of 38 U.S.C. § 5301, the clarifying internal regulations of the Department of Affairs regarding the effect of a purported assignment, and cases under similar facts. Moreover, it conducted a hearing where Heald and SICO were afforded the opportunity to present arguments regarding the validity and effect of the Agreement. Both Heald and SICO were represented by able counsel at that hearing. Because the issue of the validity and effect of the Agreement was actually and necessarily litigated in the previous case, the court finds that Heald should not be afforded the opportunity to relitigate that issue.

What constitutes estate property is a question of law. SICO owns that portion of the monthly payments that Heald assigned to SICO under the terms of the Agreement. Accordingly, payments due to SICO under the Agreement are not property of the debtors' estate. *See* Structured Investments Co., LLC v. Smith (In Re Smith), 302 B.R. 530 (Bankr. N.D. Miss. 2003); In re Terry, 245 B.R. 422 (Bankr. N.D. Ga. 2000); Berghman v. J.G. Wentworth S.S.C., Ltd. Partnership (In re Berghman), 235 B.R. 683 (Bankr. M.D. Fla. 1999). The court grants summary judgment on Count 4 to the extent that the Agreement is an assignment and that payments due under the Agreement are not property of the estate.

**Count 1: Section 523(a)(4)**

Next, the court addresses SICO's motion for summary judgment on Count 1 of the complaint. SICO asserts that Heald embezzled funds belonging to SICO in violation of 11 U.S.C. § 523(a)(4), and, therefore, the debt arising from failure to remit funds in excess of $10,561.16 is nondischargeable. Section 523(a)(4) states: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Embezzlement is defined as "the fraudulent, or knowing and willful, misapplication or conversion of property which belongs to another, by a person to whom such property has been entrusted or into whose hands it has lawfully come." Continental Casualty Co. v. York (In re York), 205 B.R. 759 (E.D.N.C. 1997); Great American Ins. Co. v. Storms, 28 B.R. 761, 765 (Bankr. E.D.N.C. 1983).

This is unlike the case of Continental Casualty Co. v. York (In re York), 205 B.R. 759 (E.D.N.C. 1997) where a long-term disability insurer could not establish a specific entitlement or property interest in payments to support a finding of embezzlement. Here, this court has already concluded in In re Heald, Case No. 03-03127-8-JRL (Bankr. E.D.N.C. Aug. 8, 2003), that the Agreement constituted a valid assignment of payments to SICO. Under the Agreement, Heald, as the assignor, was obligated to transfer a portion of his monthly payments from the designated account into an account maintained by SICO, the assignee. Pursuant to the addendum to the Agreement, Heald assigned $1,100.00 of his monthly benefits to SICO for a period of 105 months. This is also unlike the case of Ritchie v. Gallier, Case No. 92-3114-S (Bankr. E.D.V.A.), where the court found no embezzlement because the monies subject to the assignment had been properly turned over to the assignee. It is clear from the record in this case that Heald continued to receive the monthly payments from the Department of Veterans Affairs, but he stopped transferring the

assigned payments to SICO pursuant to the terms of the Agreement.

The nature of the Agreement was in dispute until the court entered its judgment on August 8, 2003, holding that the Agreement was a valid assignment. After the 10-day appeal time ran, Heald disregarded the court's order and continued to use the monthly payments without honoring the terms of the Agreement. The facts sufficiently support that Heald possessed the requisite intent under § 523(a)(4) when he continued to misappropriate the assigned payments in derogation of the court's order. Accordingly, the court finds that the debt that accrued for failure to remit funds after the running of the 10-day appeal time is nondischargeable pursuant to § 523(a)(4). However, viewing the facts and inferences in the light most favorable to the non-moving party, the court finds that there are genuine issues of material fact regarding the intent of Heald prior to the running of the appeal time, as the nature of the Agreement was largely contested and involved an unsettled area of law.

### Count 2: Section 523(a)(6)

Next, the court addresses SICO's motion for summary judgment on Count 2 of the complaint. SICO asserts that Heald's conversion of the monthly payments to his own personal use constituted willful and malicious injury to SICO, pursuant to 11 U.S.C. § 523(a)(6). SICO, therefore, asserts that the debt arising from Heald's failure to remit funds in excess of $10,561.16 is nondischargeable. Section 523(a)(6) states: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity."

"[A] debtor's injurious act done 'deliberately and intentionally in knowing disregard of the rights of another' . . . is sufficiently willful and malicious, and prevents discharge of the debt." First National Bank of Maryland v. Stanley (In re Stanley), 66 F.3d 664, 667 (4th Cir. 1995)(quoting St. Paul Fire & Marine Ins.

Co. v. Vaughn, 779 F.2d 1003, 1009 (4th Cir. 1985)). It is the debtor's subjective state of mind that is relevant. Stanley, 66 F.3d at 668. However, the knowledge of the debtor may be established "by the acts and conduct of the debtor in the context of the surrounding circumstances." Id.

The court clearly held that the Agreement was a valid assignment in the previous Chapter 13 case. After the 10-day appeal time ran on the order entered by the court, Heald disregarded the order and continued to use the monthly benefits without honoring the terms of the Agreement. The record establishes that Heald knowingly and intentionally disregarded the rights of SICO by failing to honor the Agreement after the court had conducted a hearing and clarified SICO's rights by order. Accordingly, the court finds that the debt that accrued for failure to remit funds after the running of the 10-day appeal time is nondischargeable pursuant to § 523(a)(6). However, as stated above, the court finds that there are genuine issues of material fact regarding the intent of Heald prior to the running of the appeal time.

## Counterclaim: Truth In Lending Act

The court next addresses Heald's counterclaim that SICO violated the Truth in Lending Act, pursuant to 15 U.S.C. § 1601, et seq. Under the Truth In Lending Act, Congress sought to "assure the meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." Anderson Bros. Ford v. Valencia, 452 U.S. 205, 101 S. Ct. 2266 (1981)(quoting 15 U.S.C. 1601(a)). To the extent the counterclaim attacks the validity and effect of the Agreement, Heald is collaterally estopped from relitigating that issue.

SICO asserts the applicable statute of limitations, pursuant to 15 U.S.C. § 1425(e), as an affirmative defense to the counterclaim. It states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence

of the violation." 15 U.S.C. § 1425(e). Section 1425(e), however, further states that the statute of limitations does not bar a person from asserting a violation under the Act "in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1425(e). The date of the occurrence of the violation is the date when the transaction was entered. *See* Bartholomew v. Northampton National Bank of Easton, 584 F.2d 1288 (3d Cir. 1978). The record reflects that SICO and Heald entered the Agreement in April 2001 and the addendum in July 2002. While Heald brought his claim under the Truth in Lending Act in the form of a counterclaim, he is not seeking recoupment or set-off for a debt owed; rather, Heald alleges independent wrongs committed by SICO and seeks affirmative relief in the form of compensatory and punitive damages under the Act. Heald has filed no response to the motion for summary judgment asserting why the counterclaim should be construed as a claim for recoupment or set-off. Accordingly, the court finds that his claim under the Truth in Lending Act is time-barred by the one-year statute of limitations. *See* Basham v. Finance America Corporation, 583 F.2d 918, 972-928 (7th Cir. 1978)(counterclaim seeking affirmative relief under Truth in Lending Act was time-barred by one-year statute of limitations); *see also* Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F.Supp. 819 (M.D.N.C. 1976)(underyling financial transaction and Truth in Lending Act claim are not so related as to be the subject of a compulsory counterclaim).

## CONCLUSION

Based on the foregoing, the court grants summary judgment on Count 4 of the complaint in favor of SICO that the Agreement is an assignment and that payments due under the Agreement are not property of the bankruptcy estate. The court grants summary judgment on Counts 1 and 2 of the complaint in favor

of SICO that the debt that accrued for failure to remit funds after the running of the 10-day appeal time on the court's judgment in In re Heald, Case No. 03-03127-8-JRL (Bankr. E.D.N.C. Aug. 8, 2003) is nondischargeable pursuant to §§ 523(a)(4) and (a)(6). However, there are genuine issues of material fact regarding the intent of Heald prior to the running of the appeal time. The court grants summary judgment on the counterclaim in favor of SICO based on the doctrine of collateral estoppel and the statute of limitations, pursuant to 15 U.S.C. § 1425(e).

**So Ordered.**

**Dated: October 18, 2005**

*/s/ J. Rich Leonard*
J. Rich Leonard
United States Bankruptcy Judge